FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUL 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOROTHY CALABRESE, M.D.; et al., | No. 10-55755 |
| Plaintiffs - Appellants, | D.C. No. 8:09-cv-00152-CJC-RNB |
| v. | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, KATHLEEN SEBELIUS, Secretary,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted July 12, 2011[***]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

_____

[*]     Kathleen Sebelius is substituted for her predecessor, Charles E. Johnson, as Secretary of the Department of Health and Human Services under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, appellants' request for oral argument is denied.

Dorothy Calabrese, M.D., and her patients Harriet and Gene Fahl, appeal pro se from the district court's order affirming the Secretary of the Department of Health and Human Services' decision that Calabrese must reimburse Medicare for payments she received. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order. *Maximum Comfort Inc. v. Sec'y of Health & Human Servs.*, 512 F.3d 1081, 1088 n.6 (9th Cir. 2007). We affirm.

The district court properly affirmed the Secretary's decision because the Secretary's finding that Calabrese failed to provide sufficient documentation to warrant payment under Medicare was "supported by substantial evidence." 42 U.S.C. § 405(g) (incorporated by reference in 42 U.S.C. § 1395ff(b)(1)(A)); *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001); *see also* 42 U.S.C. § 1395y(a)(1)(A) (no payment may be made for services that "are not reasonable and necessary for the diagnosis or treatment of illness or injury. . ."). Moreover, the Secretary's conclusion that Calabrese was not excused from liability because she knew or should have known about the quality of patient records she was required to maintain was not "'arbitrary, capricious, an abuse of discretion, or [in violation of] law.'" *Maximum Comfort*, 512 F.3d at 1088 (citation omitted).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED.**